UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RONALD E. RINES, : CIVIL NO. 3:07-CV-0636
:
    Plaintiff :
: (Judge Munley)
v. :
: (Magistrate Judge Smyser)
JEFFERY A. BEARD, Secretary, :
et al., :
:
    Defendants :

FILED
HARRISBURG, PA
SEP 28 2007
MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## REPORT AND RECOMMENDATION

### I. Procedural and Factual Background

On April 4, 2007, the plaintiff, a prisoner proceeding *pro se*, commenced this 42 U.S.C. § 1983 action by filing a complaint. (Doc. 1.)

The complaint names as defendants: 1) Jeffrey A. Beard, Ph.D., the Secretary of the Pennsylvania Department of Corrections ("DOC"); 2) Robert W. Meyers, former Superintendent of the State Correctional Institution at Rockview ("SCI-Rockview"); and 3) "John Doe", a records officer at SCI-Rockview.[1]

The plaintiff alleges in his complaint that on April 18, 1975, he was sentenced to a term of seven and a half years to fifteen years imprisonment in the Court of Common Pleas of Montgomery County, Pennsylvania, to be served in the Pennsylvania

---

[1] Attached to the plaintiff's correspondence with the court dated September 11, 2007, is a letter the plaintiff sent to the defendants' counsel stating, "Oh! Incidently the John Doe (Record Officer) name is Richard Leathers." (See Doc. 28.)

state correctional system. The plaintiff's sentence began on October 4, 1974 and was to expire on October 5, 1989.

The plaintiff was subsequently charged with escape from prison, the charge being that he escaped on May 1, 1979. The escape charge was brought in the Court of Common Pleas of Centre County. The escape charge was subsequently dismissed in October 1981 on the grounds that the Commonwealth had failed to commence trial within 120 days of the plaintiff's arrival in Pennsylvania from New Jersey, where he had been arrested. The plaintiff remained in the Centre County Prison for over thirty days waiting for action by the DOC. The plaintiff was then returned to New Jersey.

The defendants then sought extradition of the plaintiff from the State of Indiana in October or November of 1993 based on the allegation that the plaintiff escaped from custody. The Governor of Indiana signed an extradition order and the plaintiff was returned to the defendants' custody on December 28, 1993 to complete his Pennsylvania sentence. The plaintiff was placed in the restricted housing unit ("RHU") for ninety days. The plaintiff complained that his maximum sentence had expired in October 1989, and when he inquired why his sentence was extended, he was informed that his sentence had been recalculated. The plaintiff alleges that the recalculation of his state sentence resulted in his illegal incarceration. This alleged illegal incarceration caused him to be classified as a career offender, thus affecting his federal sentence.

The plaintiff was granted parole on his state sentence in March of 1999.

In 2000, the plaintiff was arrested by the federal government. A detainer was lodged against the plaintiff by the Pennsylvania Parole Board. The plaintiff was informed that his sentence had stopped running when he escaped and that it would not resume running until he was returned to the custody of the DOC.

The plaintiff contends that the dismissal of the criminal escape charge by the Centre County Court of Common Pleas should have resulted in the continuous running of his state sentence despite his absence from the Pennsylvania DOC and that his due process rights were violated when the defendants, without notice or a hearing, recalculated his sentence four years after the October 5, 1989 maximum sentence had expired. The plaintiff contends that the defendants committed the tort of false imprisonment by detaining the plaintiff after the expiration of his legally imposed sentence and by continuing to detain him to the present.

As relief, the plaintiff is seeking compensatory and punitive damages, and a determination by this court that his Montgomery County sentence expired on October 5, 1989 and that any sentence following this sentence under the DOC jurisdiction is "null and void." (Doc. 1 at 7.)

On June 14, 2007, defendants Beard and Meyers filed a motion to dismiss the plaintiff's complaint. (Doc. 14.) The defendants argue that the plaintiff's claim is barred by Pennsylvania's two year statute of limitations governing actions brought pursuant to § 1983. The defendants also argue that the plaintiff's complaint must be dismissed because he has failed to allege that any defendant was personally involved in any actionable activity as required by § 1983. The plaintiff filed a brief in opposition. Because the plaintiff's claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), we will recommend that the defendants' motion be granted on that basis.

## II. Discussion

### A. *Motion to Dismiss Standard*

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. *See Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). The court must decide whether, even if the plaintiff were able to prove all of his allegations, he would be unable to prevail. *See Id*. The burden is on the moving party to show that there is no actionable claim. *See Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir. 1980). When deciding a motion to dismiss, the court must accept all material allegations of the complaint as true and draw all inferences in the light most favorable to the plaintiff. *See Pennsylvania House, Inc. v. Barrett*, 760 F. Supp. 439, 449 (M.D. Pa. 1991). However, "conclusory allegations of law, unsupported conclusions and unwarranted inferences need not be accepted as true." *Id*. at 449-50. Additionally, *pro se* civil rights

4

complaints are to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519 (1972).

### B. *Heck v. Humphrey*

The plaintiff filed this 42 U.S.C. § 1983 civil rights action seeking a statement from the defendants that the plaintiff's maximum sentence date under his Montgomery County case was October 5, 1989 and that any subsequent sentence under the DOC jurisdiction is "null and void." (Doc 1 at 7.) The plaintiff also seeks monetary damages for the alleged violation of his due process rights. (Doc. 1 at 7.)

In *Heck v. Humphrey*, *supra*, 512 U.S. 477, the Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such [a] determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87 (footnote omitted). Even if a plaintiff has exhausted available state remedies the plaintiff has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the granting of a writ of habeas corpus. *Id.* at 489. The Court noted that the "issue with respect to monetary damages challenging conviction is not . . . exhaustion; but rather, the same as the issue was with

5

respect to injunctive relief challenging conviction in *Preiser [v. Rodriguez, 411 U.S. 475 (1973)]*: whether the claim is cognizable under § 1983 at all." *Id.* at 483.

In *Edwards v. Balisok*, 520 U.S. 641 (1997), the United States Supreme Court applied the reasoning of *Heck* to a claim for damages and declaratory relief based on allegedly improper procedures used during a prison disciplinary hearing that resulted in the loss of good time credits. In *Edwards*, the prisoner claimed that the hearing officer at his prison disciplinary hearing concealed exculpatory witness statements and prevented the prisoner from presenting evidence in his defense, and that the hearing examiner was biased. The Court held that the procedural defects complained of by the prisoner would, if established, necessarily imply the invalidity of the deprivation of his good time credits and that the prisoner's claims are not cognizable in a Section 1983 action. *Id.* at 648.

The plaintiff alleges that his due process rights have been violated in that the defendants have determined that a period or periods of time are not correctly credited towards the plaintiff's sentence, and have done so without notice or a hearing.

Granting the plaintiff's relief in this case would necessarily imply the invalidity of the duration and computation of his confinement. In *Muhammad v. Close*, 540 U.S. 749 (2004), the Supreme Court held that the inmate's action was not barred by

*Heck* where the suit did not seek a judgment at odds with the prisoner's conviction or with the state's calculation of time to be served in accordance with the underlying sentence.  Here, the plaintiff is challenging the calculation of his sentence; thus, *Heck* applies and bars his claim.  The plaintiff is challenging the legality of his continued imprisonment.  Such a claim must be raised in a § 2254 habeas corpus petition, not in a § 1983 suit.  *See Nelson v. Campbell*, 541 U.S. 637, 646 (2004) ("[A] § 1983 suit for damages that would 'necessarily imply' the invalidity of the fact of an inmate's conviction, or 'necessarily imply' the invalidity of the length of an inmate's sentence, is not cognizable under § 1983 unless and until the inmate obtains favorable termination of a state, or federal habeas, challenge to his conviction or sentence.") (citing *Heck*, *supra*, 512 U.S. at 487).

The computation of the plaintiff's sentence has not been declared invalid or expunged, therefore his action is barred under *Heck*.  *See Clemente v. Allen*, 120 F.3d 703, 705 (7th Cir. 1997) (Federal inmate's *Bivens* action was barred because his sentence had not been declared invalid or expunged, however the court noted that "[h]is action may accrue if he eventually succeeds in his habeas petition challenging the computation and duration of his sentence.").  Pursuant to *Heck*'s favorable termination rule, the plaintiff has to first establish that the computation of his sentence was found unlawful by a grant of state or federal habeas corpus relief.  *See Nelson*, *supra*, 541 U.S. at 646-47.

### III. Conclusion

Based on the foregoing, it is recommended that the defendants' motion (Doc. 14) to dismiss be granted, that the complaint be dismissed and that the case be closed.

/s/ J. Andrew Smyser
J. Andrew Smyser
Magistrate Judge

Dated: September 28, 2007.