IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD E. RINES, | : | No. 3:07cv636 |
|     Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| SECRETARY JEFFREY A. BEARD, | : | |
| SUPT. MR. MYERS, and | : | |
| RECORDS OFFICER JOHN DOE, | : | |
|     Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court are plaintiff's objections to the report and recommendation of Magistrate Judge J. Andrew Smyser, which proposes that we grant defendants' motion to dismiss the plaintiff's case.

**Background**

Plaintiff filed his complaint in this court on April 4, 2007. The complaint sought damages and other relief under 42 U.S.C. § 1983 for false imprisonment and violation of his due process rights. (Complaint (hereinafter "Complt.") (Doc. 1) at 1). Plaintiff's complaint recited that he had been sentenced on April 18, 1975 in the Court of Common Pleas of Montgomery County, Pennsylvania to a term of seven and one-half to fifteen years. (Id.). The sentence was originally to expire on October 5, 1989. (Id.). Plaintiff alleges that defendants filed criminal charges for escape against him in the Court of Common Pleas of Centre County, Pennsylvania on May 1, 1979. (Id. at 3). In 1981, plaintiff was transferred from New Jersey to

Pennsylvania to face those charges, and eventually was acquitted and returned to New Jersey. (Id.). Later, in 1993, defendants sought and obtained the extradition of the plaintiff from Indiana, alleging that he had escaped from custody. (Id.). The governor of Indiana signed an extradition order, and plaintiff returned to Pennsylvania prison on December 28, 1993. (Id.). Prison officials placed him in solitary confinement, where he remained for ninety days. (Id.). Plaintiff insisted that he should not be in prison, since his maximum sentence had expired in 1989. (Id.).

Plaintiff was granted parole in March 1999. The next year, after the federal government arrested plaintiff, the Pennsylvania Department of Parole placed a detainer on him. (Id.). When the government calculated plaintiff's criminal history in determining his sentence, his imprisonment from 1993 to 1999 in Pennsylvania became a factor in elevating him to career criminal status. (Id.). This calculation led to a longer federal sentence. (Id.). Plaintiff's lawsuit argues that these calculations of plaintiff's status were improper, that the Commonwealth of Pennsylvania improperly added years to his prison term after the maximum term set by the court had expired, and that these actions deprived him of his liberty without due process of law. (Id. at 4-5). These actions led to plaintiff's false imprisonment claim. (Id. at 5).

On September 28, 2007, Magistrate Judge Smyser filed his report and recommendation on defendants' motion to dismiss (Doc. 29). The magistrate judge concluded that plaintiff's claim should be dismissed under the standard established in Heck v. Humphrey, 512 U.S. 477 (1994). Under that doctrine, a plaintiff cannot

2

recover damages under 42 U.S.C. § 1983 for unconstitutional conviction or imprisonment unless he can show that some other court action has invalidated his sentence. The magistrate judge found that plaintiff had made no such showing, and concluded that his Section 1983 claim should be dismissed. On October 10, 2007, plaintiff filed a motion for enlargement of time to file objections to the magistrate judge's report and recommendation (Doc. 30). We granted that motion. (Doc. 12). Plaintiff had until November 13, 2007 to file his objections. The time for such filing has passed, and plaintiff has still not filed any objections. In fairness to the plaintiff, however, we will consider statements made in his motion for enlargement of time as objections to the report and recommendation and address them.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983, the Court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

**Legal Standard**

In disposing of objections to a magistrate judge's report and recommendation, the district court must make a *de novo* determination of those portions of the report to which objections are made. 28 U.S.C. § 636 (b)(1)(C); see also Henderson v. Carlson, 812 F.2d 874, 877 (3d Cir. 1987). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.

3

The district court may also receive further evidence or recommit the matter to the magistrate judge with instructions.  Id.

**Discussion**

Plaintiff argues that Heck v. Humphrey is not applicable to his case because, unlike the plaintiff in that case, his conviction and sentence have been invalidated. Plaintiff claims that he may therefore bring a Section 1983 suit for damages related to that conviction.  We disagree.

In Heck, a prisoner filed a *pro se* Section 1983 suit in Federal Court, alleging that defendants had undertaken an "'unlawful, unreasonable, and arbitrary'" investigation that led to plaintiff's arrest, destroyed exculpatory evidence and used improper evidence at his trial.  Heck, 512 U.S. at 479.  The Supreme Court found that plaintiff could not bring an action under Section 1983 that sought damages for an allegedly unconstitutional conviction if that conviction had not been ruled improper by a court.  The court concluded that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution."  Id. at 486.  Accordingly, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has

4

been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 487.  A Section 1983 action where judgment for the plaintiff "would necessarily imply the invalidity of his conviction or sentence" must be dismissed unless the plaintiff can show that a court has already invalidated that sentence. Id.

To prevail in this matter, plaintiff would have to prove that his sentence was improperly calculated in a way that violated his due process rights. He argues that he was found not guilty of escape, and that his sentence has therefore been found invalid by a court. His complaint, however, is not about the escape charge on which he prevailed, but about the sentence he received in a later case. No court has reached the conclusion that plaintiff's current prison term is invalid. In order to prevail in the instant lawsuit, a court would have to conclude that plaintiff's present imprisonment is invalid based on his lack of an escape conviction. A court would therefore have to rule on the validity of the sentence plaintiff is serving in order to find in his favor. Plaintiff's Section 1983 case is therefore excluded under the standard enunciated in Heck. We will adopt the magistrate judge's report and recommendation and dismiss the case. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RONALD E. RINES,** | : | No. 3:07cv636 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| | : | |
| **SECRETARY JEFFREY A. BEARD, SUPT. MR. MYERS, and RECORDS OFFICER JOHN DOE,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, to wit, this 3rd day of December 2007, the report and recommendation of Magistrate Judge J. Andrew Smyser (Doc. 29) is hereby **ADOPTED**. Plaintiff's objections (Doc. 30) are hereby **OVERRULED**. The Clerk of Court is directed to **CLOSE** the case.

                    **BY THE COURT:**

                    **s/ James M. Munley**
                    **JUDGE JAMES M. MUNLEY**
                    **United States District Court**