IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD E. RINES, | : | No. 3:07cv636 |
|       **Plaintiff** | : | |
| | : | (Judge Munley) |
| | : | |
|       v. | : | |
| | : | |
| SECRETARY JEFFREY A. BEARD, | : | |
| SUPT. MR. MYERS, and | : | |
| RECORDS OFFICER JOHN DOE,: | | |
|       **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Before the court is plaintiff's motion to reopen the case based on newly discovered evidence. Having been briefed, the matter is ripe for disposition.

**Background**

Plaintiff filed his complaint in this court on April 4, 2007. The complaint sought damages and other relief under 42 U.S.C. § 1983 for false imprisonment and violation of his due process rights. (Complaint (hereinafter "Complt.") (Doc. 1) at 1). Plaintiff's complaint recited that he had been sentenced on April 18, 1975 in the Court of Common Pleas of Montgomery County, Pennsylvania to a term of seven and one-half to fifteen years. (Id.). The sentence was originally to expire on October 5, 1989. (Id.). Plaintiff alleges that defendants filed criminal charges for escape against him in the Court of Common Pleas of Centre County, Pennsylvania on May 1, 1979. (Id. at 3). In 1981, plaintiff was transferred from New Jersey to Pennsylvania to face those charges, and eventually was acquitted and returned to

New Jersey. (Id.). Later, in 1993, defendants sought and obtained the extradition of the plaintiff from Indiana, alleging that he had escaped from custody. (Id.). The governor of Indiana signed an extradition order, and plaintiff returned to Pennsylvania prison on December 28, 1993. (Id.). Prison officials placed him in solitary confinement, where he remained for ninety days. (Id.). Plaintiff insisted that he should not be in prison, since his maximum sentence had expired in 1989. (Id.).

Plaintiff was granted parole in March 1999. The next year, after the federal government arrested plaintiff, the Pennsylvania Department of Parole placed a detainer on him. (Id.). When the government calculated plaintiff's criminal history in determining his sentence, his imprisonment from 1993 to 1999 in Pennsylvania became a factor in elevating him to career criminal status. (Id.). This calculation led to a longer federal sentence. (Id.). Plaintiff's lawsuit argued that these calculations of plaintiff's status were improper, that the Commonwealth of Pennsylvania improperly added years to his prison term after the maximum term set by the court had expired, and that these actions deprived him of his liberty without due process of law. (Id. at 4-5). These actions led to plaintiff's false imprisonment claim. (Id. at 5).

On September 28, 2007, Magistrate Judge Smyser filed his report and recommendation on defendants' motion to dismiss (Doc. 29). The magistrate judge concluded that plaintiff's claim should be dismissed under the standard established in Heck v. Humphrey, 512 U.S. 477 (1994). Under that doctrine, a plaintiff cannot recover damages under 42 U.S.C. § 1983 for unconstitutional conviction or

2

imprisonment unless he can show that some other court action has invalidated his sentence. The magistrate judge found that plaintiff had made no such showing, and concluded that his Section 1983 claim should be dismissed. The court adopted Magistrate Judge Smyser's report and recommendation and closed the case on December 3, 2007. (Doc. 32). The court then denied plaintiff's motion for reconsideration on December 12, 2007. (Doc. 34). Plaintiff did not appeal this decision.

On February 18, 2011 plaintiff filed the instant motion to reopen the case based on newly discovered evidence. (Doc. 35). He argues that he recently discovered letters directed to him in 2006 from Deputy Counsel for the Pennsylvania Department of Corrections. (See Exhs. 1-2 to Motion (Doc. 35)). In one of those letters, the Deputy Counsel addressed the length of plaintiff's sentence. Though plaintiff had not been convicted of the crime of escape, counsel informed him he was still required to serve the time remaining on his sentence once he returned to state custody. (See Exh. 2). Plaintiff contends that these statements are an acknowledgment that he was improperly held, and therefore state officials should be subject to damages for this confinement.

**Jurisdiction**

As this case is brought pursuant to 42 U.S.C. § 1983, the court has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

3

**Discussion**

In his earlier objections to Magistrate Judge Smyser's report and recommendation, plaintiff argued that Heck v. Humphrey is not applicable to his case because, unlike the plaintiff in that case, his conviction and sentence have been invalidated. Plaintiff claimed that he may therefore bring a Section 1983 suit for damages related to that conviction.

In Heck, a prisoner filed a *pro se* Section 1983 suit in Federal Court, alleging that defendants had undertaken an "'unlawful, unreasonable, and arbitrary'" investigation that led to plaintiff's arrest, destroyed exculpatory evidence and used improper evidence at his trial. Heck, 512 U.S. at 479. The Supreme Court found that plaintiff could not bring an action under Section 1983 that sought damages for an allegedly unconstitutional conviction if that conviction had not been ruled improper by a court. The court concluded that "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution." Id. at 486. Accordingly, "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a

4

state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 487.  A Section 1983 action where judgment for the plaintiff "would necessarily imply the invalidity of his conviction or sentence" must be dismissed unless the plaintiff can show that a court has already invalidated that sentence.  Id.

In the instant matter, the court concluded that plaintiff could not prevail in his lawsuit because he could not provide evidence that any court had invalidated his previous conviction.  Plaintiff now claims he has uncovered new evidence that demonstrates that his earlier conviction was invalid and he is thus entitled to sue for damages.  The evidence produced by the plaintiff, even if the court were to consider that evidence newly discovered, does not demonstrate that the earlier conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 487.  The evidence produced by the plaintiff merely demonstrates that a state official agreed with the plaintiff that he was not convicted of an escape charge related to his absence from prison.  Such evidence does not prove that a court or other appropriate official invalidated the sentence under which plaintiff was serving at the time. The letters are not court documents, and their text indicates that the Pennsylvania Department of Corrections continued to argue that plaintiff's detention was lawful and of the appropriate length.  As such, no damage claim may be brought pursuant to Section

5

1983 for plaintiff's allegedly illegal confinement.  No new evidence indicates a formal finding that plaintiff's detention was invalid.   The court will deny the motion to reopen.

**Conclusion**

For the reasons stated above, the court will deny the plaintiff's motion to reopen.  An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD E. RINES, | : | No. 3:07cv636 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| SECRETARY JEFFREY A. BEARD, | : | |
| SUPT. MR. MYERS, and | : | |
| RECORDS OFFICER JOHN DOE,: | | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 1st day of June 2011, the plaintiff's motion to reopen based on newly discovered evidence (Doc. 35) is hereby **DENIED**.  The plaintiff's motion to proceed (Doc. 42), motion for judgment (Doc. 45) and motion for an evidentiary hearing (Doc. 46) are hereby **DENIED** as moot.

                                    **BY THE COURT:**

                                    **s/ James M. Munley**
                                    **JUDGE JAMES M. MUNLEY**
                                    **United States District Court**